IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TERRANCE ANDERSON                                            PLAINTIFF

v.                              CIVIL ACTION NO.: 3:21cv295 HTW-LGI

LIBERTY MUTUAL FIRE INSURANCE COMPANY
DEFENDANT



**ORIGINAL COMPLAINT**
(JURY TRIAL DEMANDED)

COMES NOW Plaintiff Terrance Anderson and presents his Original Complaint against the Liberty Mutual Fire Insurance Company, as follows:

## I.    PARTIES

1.1    Terrance Anderson is an adult resident citizen of Marion County, Mississippi.

1.2    Liberty Mutual Fire Insurance Company ("Liberty Mutual") is an insurance company organized under the laws of Wisconsin and registered to do business in Mississippi and process may be issued on the Mississippi Insurance Commissioner, upon Liberty Mutual's registered agent for service of process at United States Corporation Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110, or in any other manner allowed under the Federal Rules of Civil Procedure.

## II.    VENUE AND JURISDICTION

2.1    This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds the sum of $75,000.

2.2     Venue is proper in the Southern District of Mississippi, [INSERT] Division, pursuant to 28 USC § 1391(a) & (c), because Liberty Mutual is subject to personal jurisdiction of the Southern District of Mississippi, Northern Division doing business within this district and division.

### III.     FACTS

3.1     On June 29, 2017, T.L. Wallace Construction, Inc. was in the business of erecting and demolishing commercial buildings. At all relevant times, T.L. Wallace Construction, Inc. had five (5) or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied.

3.2     As of June 29, 2017, Liberty Mutual Fire Insurance Company was the workers compensation insurer for T.L. Wallace Construction, Inc.

3.3     At all relevant times, T.L. Wallace Construction, Inc. and Liberty Mutual Fire Insurance Company were subject to the Mississippi Workers Compensation Act.

3.4     On June 29, 2017, Terrance Anderson was an employee of T.L. Wallace Construction, Inc.

3.5     While removing metal sheets from a building in Odessa Texas, Anderson suffered severe and extensive injuries when a metal sheet carried by two co-workers – who were thirty or forty feet away—made contact with a live overhead power line, causing Anderson to be blown approximately eight feet in the air, and to fall approximately eighteen feet off the building.

3.6     Anderson was transported by ambulance to Midland Memorial Hospital, in Midland, Texas, where he underwent a urine drug test which was positive for THC, an inactive metabolite of marijuana.

3.7     T.L. Wallace Construction, Inc. filed a Notice of Controversion with the Mississippi Workers Compensation Commission alleging that we are not outright disputing the claim, but need more time to complete our investigation.

3.8     Anderson filed a Petition to Controvert with the Mississippi Workers Compensation Commission on August 14, 2017, alleging that he had been injured in the course and scope of his employment with T.L. Wallace, and that he had suffered injuries which required medical treatment.

3.9     On September 5, 2017, T.L. Wallace Construction, Inc. and Liberty Mutual Fire Insurance Company answered Anderson's Petition to Controvert, admitting the occurrence of the June 29, 2017, accident, but denying the compensability of Anderson's claim based upon the positive drug urine test.

3.10    On September 28, 2017, Anderson took the deposition of Michael Speights. Speights was a foreman for T.L. Wallace on June 29, 2017, and one of the co-workers who had caused the metal sheet to come in contact with the overhead power line.

3.11    Speight testified that Anderson did not act strangely or unusually on June 29, 2017, that Speights never saw Anderson smoke or ingest marijuana, that Speights never heard rumors that Anderson smoked marijuana on the job, that Anderson was thirty to forty feet away from the power lines when the accident happened, and that nothing Anderson did caused or contributed to the accident.

3.12    On September 28, 2017, Anderson also took the deposition of Lance Crews. Crews was T.L. Wallace's superintendent on the job site when the accident happened.

3.13    Crews testified that Anderson seemed normal on June 29, 2017, and not under the influence of drugs.

3.14  On or about October 13, 2017, Anderson disclosed Dr. Fredrick B. Carlton as an expert. Dr. Carlton had opined that "the urine drug studies, while demonstrating marijuana use at some time in the past, are incapable of determining impairment. Dr. Carlton continued "it is a misuse of such studies to infer impairment based on these studies alone." Dr. Carlton concluded that "Based upon the information contained in the drug test results, it is my opinion to a reasonable degree of medical probability, that there is no medical evidence to support the opinion that Terrance Anderson was impaired at the time of the June 29, 2017, incident."

3.15  On November 2, 2017, Anderson took the deposition of Malik Belton.  Belton was Anderson's roommate during the job in Odessa, worked next to Anderson on June 29, 2017, and was standing close to Anderson when the accident happened.

3.16  Belton testified that he did not see Anderson smoke or ingest marijuana on the job, that he worked directly with Anderson, that he and Anderson had been working on the roof approximately two and a half to three hours before the accident happened, that Anderson seemed normal, that the power lines were on the other side of the building from where he and Anderson were working, that a "blue ball of fire" erupted when the metal sheet made contact with the live power line which blew Anderson six to eight feet in the air causing Anderson to fall off the roof.

3.17  On March 20, 2018, a hearing was held to determine the compensability of Anderson's claim for workers' compensation benefits. Anderson called Speights, Belton (by deposition) and Dr. Carlton to testify that Anderson was not under the influence of drugs at the time of the accident, that Anderson was thirty or forty feet away from the power lines when the accident happened, and that Anderson had no part in causing the accident. Anderson also called Gary McGowan, another of Anderson's co-workers, to corroborate the testimony of Speights and Belton.

3.18 T.L. Wallace and Liberty Mutual Fire Insurance Company did not call any witnesses to dispute the testimony of Speights, Belton, or McGowan. Moreover, T.L. Wallace and Liberty Mutual Fire Insurance Company did not call any expert witness to dispute the testimony of Dr. Carlton.

3.19 On May 14, 2018, an Administrative Law Judge of the Mississippi Workers' Compensation Commission issued an Order finding that Anderson's claim was compensable, and that Anderson had overcome any presumption arising out of the positive urine drug test collected on June 29, 2017.

3.20 The decision of Liberty Mutual Fire Insurance Company to deny Anderson's claim in the face of uncontroverted testimony from T.L. Wallace employees that Anderson was not under the influence of drugs and that Anderson did nothing to cause or contribute to the accident caused Anderson extreme fiscal and emotional hardship.

3.21 As of December 17, 2017, Anderson and his wife were two payments behind on their mortgage, three payments behind on Anderson's vehicle, two payments behind on Mrs. Anderson's vehicle, and delinquent on one consumer loan. One of the Anderson's vehicles was subject to impending threat of repossession, and the Anderson's home and other vehicle were close to the same process.

3.22 As a direct and proximate result of the electrocution and fall, Anderson suffered a comminuted fracture of the interochanteric femur, an acute fracture of the left sacral ala and pubic symphysis, acute fractures of the left posterior ninth rib and anterior left third, fourth and fifth ribs near the costochondral junction, second and third degree burns over seventeen percent of his body, and post- traumatic stress disorder.

3.23    Because of the decision of Liberty Mutual Fire Insurance Company to deny Anderson's claim in the face of uncontroverted testimony and evidence that Anderson was not under the influence of drugs and that nothing Anderson did caused or contributed to the June 29, 2017, accident, Anderson had to forego medical treatment as to some of his injuries, and could not pay for some medical treatment he had received prior to September 5, 2017.

## IV.    CAUSES OF ACTION

4.1    The Defendants suffered under a duty to make prompt and reasonable investigation of Anderson's workers' compensation claim, and to refrain from denying or delaying payment of Anderson's workers' compensation clam without legitimate or arguable reason.

4.2    The Defendants breached this duty by continuing to deny Anderson's claim when they had no evidence that Anderson was intoxicated or under the influence of drugs at the time of the accident, or that anything Anderson did caused or contributed to the accident.

4.3    The Defendants breach of duty was willful and wanton, committed with indifference to the consequences Anderson would suffer.

## V.    DAMAGES

5.1    Anderson seeks compensation for the following elements of damages:

a. Past mental anxiety suffered by Anderson because of the Defendant's failure to timely pay indemnity benefits or provide medical services and supplies;

b. Mental anxiety reasonably likely to be suffered in the future by Anderson because of Defendant's wrongful failure to timely pay indemnity benefits and provide medical services and supplies;

c. Past expenses, including attorney fees, incurred by Anderson as a result of Defendant's wrongful failure to timely pay indemnity benefits and provide medical services and supplies;

      d. Expenses reasonably likely to be incurred in the future by Anderson because of Defendant's wrongful failure to timely pay indemnity benefits and provide medical services and supplies;

      e. Injury to Anderson's financial reputation proximately caused by the Defendant's wrongful failure to timely pay indemnity benefits and provide medical services and supplies;

      f. Anderson asserts that not only was the Defendant's failure to timely pay benefits and provide medical services and supplies without legitimate or arguable reason, this failure was also characterized by willful misconduct and malicious intent. Accordingly, Anderson seeks punitive damages;

      g. Assuming an award of punitive damages in this case, attorneys' fees incurred in bringing this action;

      h. In the event it is found that the Defendant's actions were not willful or malicious, but that Defendant's actions were without legitimate or arguable reason, Anderson would seek attorney's fees incurred in bringing this action;

      i. such other damages as may be proved at trial.

      WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Honorable Court to enter judgment against Liberty Mutual Fire Insurance Company for all damages caused by their wrongful acts including direct damages, pain and suffering, emotional distress, attorneys' fees, costs and expenses of bringing this action, expert fees, and punitive damages.

      This the 26th day of April, 2021.

      Respectfully submitted,

      Terrance Anderson

      By: _____
           Michael A. Heilman

OF COUNSEL:

Michael A. Heilman (MSB No. 2223)
Heilman Law Group, P.A.
Meadowbrook Office Park

4266 Interstate 55 North, Suite 106
Jackson, Mississippi 39211
Telephone: (601) 914-1025
Facsimile: 601-944-2915
mheilman@heilmanlawgroup.com

Jonathan B. Fairbank (MSB No. 5119)
Attorney At Law
Post Office Box 13276
Jackson, Mississippi 39236
Phone: (601) 956-8999
jonfairbanklaw@gmail.com